[Cite as *State v. Pfeifer*, 2022-Ohio-3184.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  3-22-12

    v.

HEATHER PFEIFER,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No.  18-CR-0380

Judgment Reversed and Cause Remanded

Date of Decision:  September 12, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Daniel J. Stanley* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Heather Pfeifer ("Pfeifer"), appeals from the March 21, 2022 judgment entry of the Crawford County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On November 27, 2018, Pfeifer was indicted on one count of aggravated burglary, a first-degree felony. Pfeifer entered into a negotiated plea agreement, pled guilty to an amended count of burglary, a second-degree felony, and was sentenced to an agreed sentence recommendation of five years of community control. Both the written plea agreement and the January 29, 2019 sentencing entry specify that Pfeifer would be subject to a three-year prison term for violation of community control.

{¶3} Subsequently, on August 31, 2020, Pfeifer appeared before the trial court for a hearing on community control violations. The trial court revoked Pfeifer's community control and sentenced her to an agreed sentence recommendation of three years in prison with eligibility for judicial release after six months. The trial court granted her 70 days of jail-time credit including the date of sentence of August 31, 2020.

{¶4} On January 12, 2021, Pfeifer filed a motion for judicial release in the trial court. The trial court granted the motion and placed Pfeifer on community

control for a period of five years. The trial court's March 3, 2021 judgment entry stated:

> **Defendant's Motion is granted and** *the remainder of the prison sentence imposed in the above-captioned case(s) be and hereby is suspended. The Court hereby reserves jurisdiction to reimpose the remaining prison time***, and the Defendant is hereby placed on Community Control for a period of five (5) years under the standard conditions and terms of the Crawford County Probation Department.**

(Emphasis added.) (Doc. No. 32).

{¶5} Thereafter, on Pfeifer's community control violations, the trial court revoked her judicial release community control. At the March 21, 2022 sentencing hearing, the trial court judge stated: *"[T]he Court's going to reimpose the three year prison sentence* in this particular matter, the Defendant will get credit for everything that she's done in this case any prison, any jail that she's done." (Emphasis added.) (Mar. 21, 2022 Tr. at 15). The trial court's judgment entry then states the Court "sentences the Defendant to 3 years in prison on Count 1, with jail time credit, in the Ohio Department of Rehabilitation and Correction. The Defendant is granted jail time credit in the amount of 101 days, as of March 21, 2022." (Doc. No. 44). It is from this judgment entry that Pfeifer appeals, asserting the following assignment of error for our review.

### Assignment of Error

**The trial court is obligated to determine at the sentencing hearing how many days of credit the Defendant is entitled to for time**

**served with respect to the offense at hand. The failure to do so is error requiring the matter be reversed for an appropriate determination by the trial court at a sentencing hearing.**

**{¶6}** In her sole assignment of error, Pfeifer contends that the trial court erred when it failed to determine her jail-time credit at her sentencing hearing. Pfeifer asserts that the trial court failed to comply with its statutory obligation under R.C. 2929.19(B)(2)(g)(i) by not announcing the number of days of jail-time credit that she was entitled to for time served at this hearing and has not afforded her a correct credit for time served. (Appellant's Brief at 8).

*Legal Standard*

**{¶7}** R.C. 2929.19(B)(2)(g)(i) states that:

**(B)(2) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:**

**\* \* \***

**(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term \* \* \* . The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.**

-4-

**{¶8}** Next, R.C. 2929.20, which governs judicial release, provides in pertinent part:

> **If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.**

R.C. 2929.20(K). Thus, an offender, like Pfeifer, who has been granted judicial release " 'has already served a period of incarceration, and *the remainder of that prison sentence is suspended* pending either the successful completion of a period of community control or the [offender's] violation of a community control sanction.' " (Emphasis added.) *State v. Davis*, 3d Dist. Defiance No. 4-21-03, 2021-Ohio-3790, ¶ 5, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7.

*Legal Analysis*

**{¶9}** A review of the record clearly indicates that the trial court, after revoking judicial release at the hearing, committed to Pfeifer receiving credit for any days that she had spent in jail and prison. (Mar. 21, 2022 Tr. at 15). However, in its judgment entry of sentence, the trial court only noted the prior "jail time" with no reference to prior "prison time." Moreover, the record shows that following Pfeifer's violation of judicial release, *the trial court imposed the entire original*

*prison term* for her offense, rather than reimposing the balance of her prison term as required by R.C. 2929.20(K).

**{¶10}** As noted earlier, the record shows that in its judgment granting judicial release, the trial court specifically suspended the *remaining* portion of Pfeifer's prison sentence and specifically reserved jurisdiction to allow it to reimpose the *remaining* prison time. In sum, it is our view that requiring the trial court to reimpose only the balance of the previously imposed prison sentence, as opposed to reimposing the entire original sentence and then purporting to deduct credit for both prior "prison time" served as well as prior "jail time" served, not only avoids unnecessary issues as to the calculation of prison time by the trial court instead of the Department of Rehabilitation and Correction, but is also more consistent with the language of R.C. 2929.20(K), and our prior case law, as well as the language of the trial court's own judgment entry granting judicial release in this case.

**{¶11}** As for jail-time credit, the number of days of jail-time credit that the trial court credited Pfeifer when it sentenced her in this case, specifically 101 days, is reflected in its judgment entry of March 21, 2022. We have recognized that the Department of Rehabilitation and Correction has the duty to *apply* jail-time credit, however, the trial court has the responsibility of determining the number of days to be credited. *State v. Mills*, 3d Dist. Auglaize Nos. 2-22-09 and 2-22-10, 2022-Ohio-2821, ¶ 8. It is then consistent for the trial court to determine the number of days of

jail-time credit that Pfeifer is entitled to have credited toward the remaining balance of her original sentence pursuant to R.C. 2929.19(B)(2)(g)(i), which the trial court clearly did in this case. To this extent, Pfeifer's assignment of error is overruled.

{¶12} However, based on the foregoing analysis regarding the trial court's reimposition of Pfeifer's entire original sentence instead of the balance of the previously imposed sentence, Pfeifer's sole assignment of error is sustained. Accordingly, we reverse the sentence imposed by the trial court and remand this case for the trial court to properly reimpose the balance remaining on Pfeifer's original prison term consistent with its own judgment entry granting judicial release subject only to the amount of "jail-time" credit in accordance with R.C. 2929.19(B)(2)(g)(i).

*Conclusion*

{¶13} Having found error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/jlr**